

ENTERED
11/14/2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| BRIAR BUILDING HOUSTON LLC § | CASE NO: 18-32218 | |
|    Debtor § | | |
| § | CHAPTER 11 | |
| § | | |
| GEORGE M LEE § | | |
|    Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 18-3281 | |
| § | | |
| BDFI, LLC, *et al* § | | |
|    Defendants § | | |

**MEMORANDUM OPINION**
**DENYING BDFI, LLC'S RENEWED MOTION TO CANCEL LIS PENDENS**
*Resolving ECF No. 114*

## I. INTRODUCTION

    Generally, the doctrine of lis pendens provides that if a third party acquires an interest in property which is at that time subject to litigation, the third party takes the property subject to the final outcome of the litigation. Stated differently, if a court awards a plaintiff rights in a property, the plaintiff takes that interest in the property free of any claims or interests acquired by third parties during the lawsuit. Before this Court is BDFI, LLC's ("*BDFI*") "First Amended Renewed Motion to Cancel Lis Pendens Filed by George Lee" ("*Motion*"). The lis pendens at issue in this case involves three separate notices of lis pendens filed by George M. Lee ("*Lee or Plaintiff*") regarding a dispute arising out of a commercial building located at 50 Briar Hollow Lane, Houston, Texas 77027, with a purported value of at least $25 million.[1] This Court held a hearing on the Motion on October 15, 2019. After considering the arguments, all evidence in the record, and relevant case law, the matter is now ripe for determination. For the reasons stated in

---
[1] ECF No. 1.

this Memorandum Opinion, the Court finds that BDFI's Motion should be denied.

## II. **FINDINGS OF FACT**

This Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, which is made applicable to contested matters pursuant to Fed. R. Bankr. P. 7052 and 9014. To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

A. Background History

**1. Events Prior to the First Bankruptcy Filing**

On April 10, 2018, BDFI filed an Appointment of Substitute Trustee ("*Foreclosure Notice*") in the real property records of Harris County, Texas ("*Harris County Records*"), which was recorded under File No. RP-2018-152622.[2] The Foreclosure Notice indicated that BDFI, as senior lienholder, intended to foreclose against a property located at 50 Briar Hollow Lane, Houston, Texas 77027 ("*Property*") subject to a certain Deed of Trust, dated December 30, 2013 ("*First Lien DOT*"), which had been executed by the Property's previous owner 50 Briar Hollow, LLC and recorded under File No. 20130647992.[3] The First Lien DOT secured a $20,000,000 Promissory Note, dated December 30, 2013 ("*Senior Note*"), made by 50 Briar Hollow, LLC in favor of Green Bank, N.A. ("*Green Bank*").[4] Green Bank subsequently assigned the Senior Note, the First Lien DOT, and certain related liens and other documents to BDFI on March 9,

---

[2] ECF No. 38.
[3] ECF No. 1-1.
[4] *Id.*

2018, pursuant to an Assignment and Assumption Agreement, dated March 9, 2018 ("*Assignment*").[5] The Assignment was recorded in the Harris County Records on March 12, 2018, under File No. RP-2018-102728.[6]

### 2. The First Bankruptcy Filing

On April 30, 2018, Briar Building Houston LLC ("*Debtor*") filed a Chapter 11 petition ("*Petition*").[7] At the time of filing, Debtor's main asset was the Property. Lee owns one hundred percent (100%) of the membership interests of the Debtor.[8] Mr. Lee previously owned the Property individually but transferred the Property to Debtor pursuant to a Special Warranty Deed dated April 4, 2018 ("*April 4, 2018 Deed*"), which was recorded on April 5, 2018, in the Harris County Records under File No. RP-2018-144450.[9]

In exchange for the April 4, 2018 Deed, Debtor gave Mr. Lee a $3,150,000 Promissory Note ("*Junior Note*") and granted Mr. Lee a Deed of Trust, Security Agreement-Financing Statement, dated April 5, 2018 ("*Second Lien DOT*"), against the Property to secure the Junior Note.[10] The Second Lien DOT was recorded in the Harris County Records Under File No. RP-2018-144451 on April 5, 2018.[11] Mr. Lee was therefore a junior lienholder against the Property as well as the Debtor's sole equity owner.[12]

On May 4, 2018, a dispute arose regarding, inter alia, Debtor's use of cash collateral.[13]

---

[5] *Id.*
[6] *Id.*
[7] Citations to the docket in this adversary proceeding styled *George M. Lee vs. BDFI, LLC et al.* 18-3281 (the "*Adversary Proceeding*"), shall take the form "ECF No. ⸺," while citations to the bankruptcy case, 18-32218 (the "*Bankruptcy Case*"), shall take the form "Bankr. ECF No. ⸺."; Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.
[8] Bankr. ECF No. 29.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] Bankr. ECF No. 18.

Nevertheless, on May 11, 2018, Debtor, Lee, and BDFI resolved their differences regarding the Property, which resulted in Debtor filing a Motion to Compromise on May 15, 2018 setting forth a Forbearance Agreement ("*Motion to Compromise*").[14] Debtor asked the Court to approve it, along with a Motion to Dismiss the Chapter 11 Proceeding.[15] Attached to the Order approving the Motion to Compromise was a fully executed copy of an agreement between the parties dated May 11, 2018 ("*May 11, 2018 Forbearance Agreement*").[16] The pertinent portions of the May 11, 2018 Forbearance Agreement are located in paragraph 5(f) and 6(c), (d), and (g), to wit:

> 5. Record Owner's Covenant's: As a condition to Lender's forbearance during the [f]orbearance [p]eriod, as contemplated herein, [r]ecord [o]wner covenants and agrees as follows notwithstanding anything to the contrary in the loan documents: . . . (f) Briar Building Houston, LLC shall transfer the [p]roperty to Lee, who shall release the Deed of Trust he placed on the [p]roperty and release the $3.5 million Note issued in conjunction with the lien. The transfer, release of the lien and the cancellation of the debt shall occur within 24 hours of the entry of the Order dismissing the Bankruptcy Case. Paragraph 6: Termination Event: Each of the following shall be defined as a Termination Event: . . . (c) Record Owner shall fail to perform, observe or comply with any covenant contained in any of the [l]oan [d]ocuments; (d) any [d]efault (other than the [e]xisting [e]vents of [d]efault) shall occur under the terms of any of the [l]oan [d]ocuments, without regard for any requirement for grace, notice of an opportunity to cure, all of which are waived by the Lee [p]arties; (g) the commencement of litigation or legal proceedings by [r]ecord [o]wner or any other [p]roperty [i]nterest [p]arties against the [l]ender or any of its affiliates.[17]

After conducting an evidentiary hearing on May 22, 2018, the Court approved the Motion to Compromise ("*May 22, 2018 Order*") and the Motion to Dismiss.[18]

### 3. The State Court Suit

After dismissal of the first bankruptcy proceeding and on August 3, 2018, Lee commenced a new lawsuit styled as Cause No. 2018-51837 in the 164th District Court, Harris

---

[14] Bankr. ECF Nos. 29, 30.
[15] *Id.*
[16] Bankr. ECF No. 38.
[17] ECF No. 1-1.
[18] Bankr. ECF Nos. 38, 39.

County Texas, George M. Lee vs. BDFI, Ali Choudhri & Jetall Companies, Inc. ("*State Court Petition*").[19] On August 6, 2018, Lee filed his First Notice of Lis Pendens regarding the Property which was filed in the public records of Harris County Texas.[20] The First Notice of Lis Pendens listed the following causes of action: fraud, breach of forbearance agreement, and declaratory judgment concerning a wrongful foreclosure of the Property.[21] Lee's State Court Petition alleged three causes of action, to wit: (i) a declaration that defendants are in breach of the May 11, 2018 Forbearance Agreement; (ii) fraud in the inducement in entering into the Management and Forbearance Agreements; and (iii) breach of the May 11, 2018 Forbearance Agreement.[22] Plaintiff also sought a temporary restraining order and temporary injunction prohibiting defendants from foreclosing on the Property.

### 4. The Instant Adversary Proceeding

On August 6, 2018, BDFI removed the State Court Petition to the United States District Court for the Southern District of Texas, initiating civil action No. 4:18-cv-02696.[23] Four days later, on August 10, 2018, Lee filed both a Second Notice and Third Notice of Lis Pendens in the property records of Harris County, Texas.[24] According to Lee's counsel at the hearing on this issue, the reason for filing the Third Notice of Lis Pendens on the same date as the Second Notice and was to update the legal description of the property.[25] Nevertheless, the only difference between the First Notice and the Second and Third Notices of Lis Pendens was the reference to the removed civil suit 4:18-cv-02696 in the United States District Court for the Southern District of Texas. On October 1, 2018, BDFI filed an Unopposed Motion to Transfer

---

[19] ECF No. 1-1.
[20] ECF No. 49-4.
[21] *Id.*
[22] ECF No. 49-3.
[23] Civil Action No. 4:18-cv-02696.
[24] ECF No. 49-4.
[25] Min. Entry (10/15/2019).

the removed proceeding to the United States Bankruptcy Court for the Southern District of Texas.[26] BDFI's motion was granted on October 2, 2018, which commenced the instant adversary proceeding in this Court on the same date.[27]

### 5. The Foreclosure

BDFI has alleged that Lee triggered an automatic termination of the forbearance period contained within the May 11, 2018 Forbearance Agreement when he failed to comply with the relative terms of the May 22, 2018 Order which incorporated the May 11, 2018 Forbearance Agreement and related loan documents.[28] Both parties have conceded that the Property was foreclosed by BDFI on August 7, 2018.[29] The validity of the foreclosure, however, is in dispute.

### 6. The First Amended Complaint

On March 7, 2019, Lee filed an amended complaint ("*First Amended Complaint*").[30] In the First Amended Complaint Lee asserted the following causes of action:

(A) breach of contract as against Jetall;

(B) breach of contract as to BDFI;

(C) breach of fiduciary duty as against Jetall;

(D) breach of fiduciary duty as to Choudhri, Bradley Parker ("*Parker*") and BDFI;

(E) tortious interference as to Choudhri and Parker;

(F) conspiracy as to Choudhri, Parker and BDFI; and

(G) fraud as to Choudhri, Parker and BDFI.[31]

In the prayer of the First Amended Complaint, Lee requests the following relief: (a)

---

[26] Civil Action No. 4:18-cv-02696.
[27] ECF No. 1.
[28] *See* ECF No. 114.
[29] *See* ECF No. 1-1; ECF Nos. 38, 114.
[30] ECF No. 38.
[31] *Id.*

actual damages; (b) exemplary damages; (c) court costs; (d) prejudgment and post-judgment interest at the rate of 5% per annum; (e) attorneys' fees; (f) that the Court enter a take nothing judgment for Defendants; and all other relief, in law and in equity.[32]

On May 28, 2019, Defendants filed a Motion for Summary Judgment against all claims asserted by Lee in the First Amended Complaint.[33] On June 25, 2019, a hearing on several motions including BDFI's Motion for Summary Judgment was held.[34] This Court granted BDFI's motion in part and denied it in part. Five of Lee's causes of action in the First Amended Complaint were dismissed while two of the remaining claims would proceed to trial.[35] Therefore, the only remaining live claims in the First Amended Complaint to survive dismissal are:

(A) breach of contract pertaining to the Management and Leasing Agreement as against Jetall; and

(B) breach of contract pertaining to the May 11, 2018 Forbearance Agreement as to BDFI.[36]

### III. CONCLUSIONS OF LAW

**A. Jurisdiction, Venue, and the Court's Constitutional Authority to Enter a Final Order**

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein

---

[32] *Id.*
[33] ECF No. 71.
[34] ECF No. 101.
[35] ECF No. 104.
[36] ECF Nos. 102, 104.

the latter court will appropriately preside over the matter.[37]  This is a core matter as it "concern[s] the administration of the estate."[38]

On February 14, 2019, BDFI consented to the entry of final orders by this Court.[39]  On February 27, 2019, Lee entered his Notice of Non-Consent to the entry of final orders by this Court.[40]  However, Lee changed his notice and consented to this Court's jurisdiction to enter final orders on all non-core matters at a hearing on June 25, 2019.[41]  Nevertheless, this Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order.[42]  The pending dispute requesting that this Court cancel a lis pendens is a non-core proceeding, however the request that this Court enforce its own Order is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Therefore, this Court holds constitutional authority to enter a final order and judgment with respect to enforcing its own order at bar by independent review and consent by both parties.

Additionally, any order entered in this proceeding at this stage is interlocutory and not a final order.  *Stern* did not alter a bankruptcy court's authority to enter interlocutory orders, or its power to entertain all pretrial proceedings.[43]  Because this is an interlocutory order, the Court has the authority to determine the issue expunging the lis pendens.

This court determines that pursuant to 28 U.S.C. § 157(b)(2), this Adversary Proceeding contains core matters, as it primarily involves enforcement of this Court's own prior order of

---

[37] 28 U.S.C. § 157(a); *see also In re*: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[38] § 157(b)(2); s*ee also In Re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").
[39] ECF No. 29.
[40] ECF No. 34.
[41] Min. Entry (06/25/2019).
[42] *Stern v. Marshall*, 564 U.S. 462 (2011); *but see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938-39 (2015) (holding that parties may consent to jurisdiction on non-core matters).
[43] *Burtch v. Avnet (In re Managed Storage Int'l),* 2012 WL 5921723, at *2 (Bankr. Del. Nov. 26, 2012).

May 22, 2018.[44] To the extent that non-core claims are involved, this court finds that resolution of such claims are inextricably intertwined with resolution of the core claim regarding enforcement of this Court's May 22, 2018 order. As such, this Court may enter final orders and judgments. However, should the District Court find that the Bankruptcy Court did not have authority to enter final orders and judgments, this Court requests that the District Court convert this Memorandum Opinion into a Report and Recommendation.

Finally, this Court may only hear a case in which venue is proper.[45] Debtor's principal place of business has been in the Southern District of Texas for the 180 days immediately preceding the Petition Date. Therefore, venue is proper.

### B.    Validity of Lis Pendens

In dispute in this particular piece of the litigation is the validity of the lis pendens filed by Lee. BDFI, in its briefing to the Court, alleges that in order to defeat BDFI's Motion Lee must demonstrate that the First Amended Complaint contains a real property claim sufficient to sustain the filing of the lis pendens.[46] As the argument goes, BDFI points to the State Court Petition and concedes that Lee may have pleaded a real property claim, but that any lis pendens that may have been sufficiently pleaded has been vanquished by the filing of the First Amended Complaint.[47] Lee, on the other hand, argues that both the State Court Petition and the First Amended Complaint contain a real property claim sufficient to support the notices of lis pendens.[48] What is a lis pendens and why all the fuss?

---

[44] ECF No. 38.
[45] 28 U.S.C. § 1408.
[46] ECF No. 114.
[47] Min. Entry (10/15/2019).
[48] *Id.*

A lis pendens is a notice to warn all persons that certain property is the subject matter of litigation, and that any interests during the pendency of the suit are subject to its outcome.[49] A notice of lis pendens may only be filed during the pendency of an action involving (1) title to real property, (2) the establishment of an interest in real property, or (3) the enforcement of an encumbrance against real property.[50] The purpose of a properly filed lis pendens is to prevent a purchaser for value from acquiring property free and clear of encumbrances referenced in the lis pendens.[51]

Once a notice of lis pendens has been filed, the Texas Property Code provides two methods for removal of the lis pendens: (1) expunction of a notice of lis pendens under § 12.0071; and (2) cancellation of a lis pendens under § 12.008.[52] BDFI seeks to expunge Plaintiff's Notice of Lis Pendens pursuant to § 12.0071. Section 12.0071(c) identifies the following three circumstances in which the trial court presiding over the action in which a lis pendens is filed must "order the notice of lis pendens expunged" upon request by a party to the action in connection with which the notice of lis pendens has been filed: (1) the pleading on which the notice is based does not contain a real property claim; (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under § 12.007(d).[53]

Courts at both the federal and state level have addressed what constitutes a real property claim. In *Garza-Selcer v. 1600 Pac. Subtenant, LLC*, defendants moved to expunge plaintiff's

---

[49] LIS PENDENS, Black's Law Dictionary (11th ed. 2019).
[50] *See* Tex. Prop. Code Ann. § 12.007(a).
[51] *Nguyen v. Fed. Nat'l Mortg. Ass'n*, No. CV H-15-1958, 2015 WL 8207525, at *4 (S.D. Tex. Dec. 8, 2015) ("[A] properly filed notice of lis pendens prevents a purchaser for value from acquiring property free and clear of encumbrances reference in the lis pendens.").
[52] *See* Tex. Prop. Code Ann. §§ 12.0071, 12.008 (West 2014).
[53] *Id.* § 12.0071(c)(1)-(3).

notice of lis pendens supported by a claim for breach of a lease and claim for conversion.[54] The plaintiff sought monetary damages for both the breach of the lease and conversion claim in the pending action.[55] The court held that the lis pendens was not supported by a real property claim because there was no present dispute over the existence of a leasehold, and the pleadings only asserted a claim for damages based on the breach of a lease.[56] Plaintiffs admitted in the pleadings that the court's decision whether the defendant's breached the lease by their alleged termination of the lease will not resolve whether the lease is currently "in full force and effect."[57] Next, the court found that the conversion claim only applied to personal property.[58] Therefore, the court expunged the notice of lis pendens because the pending action did not directly affect real property.[59]

In contrast, the Texas Court of Appeals in *In re Cohen* found that a real property interest existed based on the pleadings because the property against which the lis pendens was filed was the subject matter of the underlying lawsuit.[60] In that case, the plaintiff requested that real property liens and title transfers be set aside, and that a constructive trust be placed on properties alleged to have been fraudulently transferred.[61] Plaintiff's request was more than a request to satisfy a money judgment.[62] Therefore, the Court of Appeals held that the lower court erred in

---

[54] *Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *8 (N.D. Tex. Aug. 30, 2016).
[55] *Id.*
[56] *Id.* at 9.
[57] *Id.*
[58] *Id.*
[59] *Id.*
[60] *In re Cohen*, 340 S.W.3d 889, 898 (Tex. App.–Houston [1st Dist.] 2011, orig. proceeding).
[61] *Id.* at 899.
[62] *Id.*

expunging the plaintiff's lis pendens because there was a real properly claim sufficient to support a notice of lis pendens.[63]

Accordingly, the lis pendens filed by Lee must be supported by pending litigation involving an interest in real property in order to survive BDFI's motion to expunge under § 12.0071(c)(1). In other words, a nexus must exist between the underlying suit and the Property in question.[64] At issue between the parties is to which pleadings are relevant for the purposes of determining whether Lee pleaded a real property interest. This Court must review Lee's claims in both the State Court Petition and First Amended Complaint to determine whether either involves a real property claim.[65]

### 1. The Original State Court Petition

This Court first analyzes whether Lee's three notices of lis pendens had a pending action involving the establishment of an interest in real property at the time filed.[66] Lee filed his First Notice of Lis Pendens on August 6, 2018, referencing the State Court Petition.[67] Lee filed his Second and Third Notices of Lis Pendens on August 10, 2018, referencing the removed State Court Petition to the United States District Court for the Southern District of Texas, which was then transferred to this Court.[68]

The State Court Petition named BDFI, LLC, Ali Choudhri and Jetall Companies, Inc. as defendants ("*Defendants*"), made a specific reference to Lee's ownership interest in the Property, and contained three specific causes of action, to wit: (i) a declaration that defendants' contemplated foreclosure is wrongful, and that defendants are in breach of the May 11, 2018

---

[63] *Id.*
[64] *See Countrywide Home Loans, Inc. v. Howard,* 240 S.W.3d 1, 6 (Tex. App.–Austin 2007, pet. denied).
[65] *See* Tex. Prop. Code Ann. § 12.0071(c)(1).
[66] *See id.*
[67] ECF No. 49-4.
[68] *Id.*

Forbearance Agreement; (ii) fraud in the inducement in entering the Management Agreement and Forbearance Agreement; and (iii) that defendants BDFI and Choudhri breached the May 11, 2018 Forbearance Agreement.[69]

Plaintiff also sought a temporary restraining order and temporary injunction prohibiting defendants from foreclosing on the Property.  In other words, paragraph 10 of Lee's State Court Petition sought a declaration that "ownership of The Property remain[] in Lee", and Paragraphs 13 and 14 sought to protect Lee's then title and interest to the property through the use of a temporary restraining order and temporary injunction.[70]  As Lee specifically named the Property in the State Court Petition, referred to Lee's "unique ownership interest" in the Property, and sought to restrain defendants from interfering with [Lee's] "ownership rights,"[71] there is no question that Lee adequately placed real property in issue because there existed a sufficient nexus between the underlying State Court Petition and the Property.  Accordingly, the State Court Petition contained a real property claim satisfying § 12.0071(c)(1) because the three notices of lis pendens were based on a pending action involving an interest and claim to the Property.

    **2. The First Amended Complaint**

Next, this Court analyzes whether Lee's three notices of lis pendens had a pending action involving the establishment of an interest in real property after the filing of the First Amended Complaint in this Court.  BDFI's chief complaint is that Lee's First Amended Complaint fails to assert a real property claim to support a lis pendens because Lee only seeks damages.[72]  BDFI contends that the filing of the First Amended Complaint supersedes the State Court Petition

---

[69] ECF No. 1-1.
[70] *Id.*
[71] *Id.*
[72] ECF No. 114.

rendering it of no legal effect.[73] Consequently, the pleading to which this Court must look to determine the validity of the lis pendens is the First Amended Complaint, and since the First Amended Complaint contains no real property claim, there is no pending litigation to support the validity of Lee's notices of lis pendens.[74] In response, Lee cites *In re Kroupa* and *Countrywide Home Loans, Inc. v. Howard* in support of his position that the pleading to which this Court should look is the State Court Petition because it was the live pleading at the time the lis pendens was filed, and the filing of a notice of lis pendens is judged by the pleadings on file at the time the transaction with respect to the property occurred.[75] However, as made clear at the hearing and in briefing, Lee asserts that the First Amended Complaint also contains a real property claim.[76]

In determining whether a plaintiff sufficiently pleaded a real property claim for purposes of § 12.0071(c)(1), it is sufficient if the plaintiff's pleadings request "restoration of a prior ownership interest in a particularly identified property–through actual title or a constructive trust."[77] The property against which the lis pendens is filed must be the subject matter of the underlying lawsuit to support a notice of lis pendens.[78] Further, courts in Texas have consistently held that a lis pendens may not be based on a property interest that only seeks to recover damages or other relief that the plaintiff may be awarded.[79] A plaintiff's request to title

---

[73] *Id.*
[74] *Id.*; *see* Min. Entry (10/15/2019).
[75] *See In re Kroupa–Williams*, No. 05–05–00375–CV, 2005 WL 1367950, at *3 (Tex. App.–Dallas June 10, 2005, orig. proceeding); *see Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d at 5.
[76] ECF No. 114; *see* Min. Entry (10/15/2019).
[77] *In re Cohen*, 340 S.W.3d at 898.
[78] *Id.* at 892.
[79] *See id.* ("If the suit seeks a property interest only to secure the recovery of damages or other relief that the plaintiff may be awarded, it is not "an action involving: (1) title to real property, (2) the establishment of an interest in real property, or (3) the enforcement of an encumbrance against real property" as required by section 12.007 to render a notice of lis pendens proper."); *Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995); *see Hull v. Ness*, No. 4:08-CV-293, 2009 WL 10677743, at *1 (E.D. Tex. Jan. 16, 2009) ("If the suit seeks a property interest only to secure the recovery of damages or other relief that the plaintiff may be awarded, the interest is merely collateral and will not

of property only to satisfy a money judgment is not a sufficient direct interest in real property.[80]

In *W & L Ventures, Inc. v. E. W. Bank*, the Southern District of Texas granted the defendant's motion to expunge under § 12.0071 because no real property claim remained in the case.[81] In that case, the plaintiffs held junior liens in certain tracts of land.[82] The defendant was the senior lienholder in those tracts and in the primary tract at issue in the case.[83] The plaintiffs alleged that the defendant represented that they would have an opportunity to purchase the primary tract and all tracts would be sold together at a foreclosure sale.[84] The plaintiffs did not appear at the foreclosure sale because of alleged representations made by the defendant, and the tracts were sold to another buyer.[85] Plaintiffs sought damages for fraudulent and negligent misrepresentation, promissory estoppel, and a declaratory judgment that the foreclosure sale of land was void.[86] The court subsequently granted defendant's motion to dismiss the wrongful foreclosure, fraudulent misrepresentation, and "declaratory judgment act" claims, and the only remaining claim was the defendant's motion to expunge the notice of lis pendens.[87] The court held that there is no real property claim because the issues in dispute over land sold at foreclosure "appear[ed] to have been resolved" and only a claim to damages remained.[88] Therefore, the court granted defendant's motion to expunge.

In *Lombardi v. Bank of America*, the court held that defendant's motion to expunge

---

support a lis pendens.").
[80] *See Flores v. Haberman*, 915 S.W.2d at 478.
[81] *W & L Ventures, Inc. v. E. W. Bank*, No. CIV.A. H-13-00754, 2014 WL 3810692, at *1 (S.D. Tex. Aug. 1, 2014).
[82] *Id.*
[83] *Id.*
[84] *Id.*
[85] *Id.*
[86] *Id.*
[87] *Id.*
[88] *Id.* at 1–2.

should be denied because plaintiff's wrongful foreclosure claim remained pending.[89] There, the plaintiff sued defendant based on the foreclosure of her home, the suit on which the notice of the lis pendens was based.[90] Plaintiff's amended complaint made claims for violations of the Real Estate Settlement Practices Act, the Texas Property Code, the Texas Debt Collection Practices Act ("*TDCPA*"), and the Deceptive Trade Practices Act, as well as for wrongful foreclosure, breach of contract, unjust enrichment, negligence, negligent misrepresentation, common law fraud, suit to quiet title, and trespass to try title.[91] Plaintiff also sought damages, attorney's fees, court costs, an accounting, and a declaratory judgment.[92] After the filing the amended complaint, plaintiff filed a notice of lis pendens against the property.[93] Subsequently, nearly all of plaintiff's claims were dismissed, except for plaintiff's wrongful foreclosure claim, breach of contract claim, and her TDCPA claims.[94] Because plaintiff's wrongful foreclosure claim was pending and unresolved, the court held that the defendant's motion to expunge should be denied.[95] Therefore, this Court must analyze whether the two remaining live breach of contract claims contain a real property interest.

### 3. The Lis Pendens Should Be Not Be Expunged

Here, while Plaintiff's First Amended Complaint may not be pleaded in the most eloquent manner, at a minimum, it does allege a real property claim that satisfies § 12.0071(c)(1).[96] Lee's only remaining live claims in the First Amended Complaint to survive dismissal are (A) breach of contract pertaining to the Management and Leasing Agreement as

---

[89] *Lombardi v. Bank of Am.*, No. 3:13-CV-1464-O, 2014 WL 4798444, at *3 (N.D. Tex. Sept. 26, 2014).
[90] *Id.* at 1.
[91] *Id.*
[92] *Id.*
[93] *Id.*
[94] *Id.*
[95] *Id.* at 3 ("Expungement of a lis pendens is only proper when all claims to the property have been resolved.").
[96] *See In re Cohen,* 340 S.W.3d at 898.

against Jetall; (B) breach of contract pertaining to the May 11, 2018 Forbearance Agreement as to BDFI.[97]

### i. Breach of Contract Claim Against Jetall

With respect to Lee's first breach of contract claim in the First Amended Complaint, Lee seeks damages for Jetall's breach of the Management and Leasing Agreement that "caused Mr. Lee to lose equity."[98] Like *Garza-Selcer v. 1600 Pac. Subtenant, LLC* where the plaintiff's lis pendens could not be supported by a pending action that did contain a real property claim, Lee's breach of contract claim against Jetall similarly does not involve a dispute over the existence of real property claim. Lee's argument that Jetall failed to pay property taxes and acted "contrary to its duties under the Management and Leasing Agreement" does not concern any ownership or interest of the Property itself.[99] This claim boils down to an allegation of a breach of an agreement between Lee and Jetall, a non-Property owner over a management and lease agreement, not as to any real property itself. The resolution of this claim, if found in Lee's favor, will not alter the title or ownership status of the Property in any way. Accordingly, Lee's first breach of contract claim as against Jetall does not contain a real property interest to support the notices of lis pendens pursuant to § 12.0071.

### ii. Breach of Contract Claim Against BDFI

In Lee's breach of contract claim against BDFI, Lee alleges that BDFI did not fulfill its obligations under the Forbearance Agreement. While not done with the most meticulous attention to detail, Lee does plead enough to claim a real property interest in the second cause of action sufficient to support the notices of lis pendens. Lee alleges that BDFI violated the

---

[97] ECF Nos. 102, 104.
[98] ECF No. 38.
[99] *Id.*

Forbearance Agreement by failing to forbear and conducting a "subsequent wrongful foreclosure of the Property."[100]  As seen in *W & L Ventures, Inc.* and *Lombardi*, a motion to expunge under § 12.0071 may not be granted if a party's wrongful foreclosure claim remains pending.  BDFI argues that Lee only asserts a damage claim in the First Amended Complaint, however, in addressing whether the Forbearance Agreement was breached, it must be determined whether the foreclosure and subsequent taking of the Property by BDFI was proper.[101]  A claim of wrongful foreclosure is still pending.  Therefore, there is a nexus between the underlying suit and the Property, and the pending action involves more than solely damages.

References to the Property in the First Amended Complaint further evidence that a real property interest is contained in Lee's second cause of action.  At the outset of the breach of contract claim against BDFI, Lee "realleges each and every allegation preceding this paragraph and incorporates those allegations by reference as if fully set forth at length."[102]  In the preceding paragraphs, Lee specifically names and defines the Property.  Within the second cause of action itself, Lee states that "BDFI's breach of the Forbearance Agreement deprived Mr. Lee of his unique, sole ownership interest in the Property."  Accordingly, Lee's breach of contract claim against BDFI contains a real property interest.

    **iii.**    **Pleadings to be Considered**

A real property interest is pleaded in both Lee's State Court Petition and First Amended Complaint.  Therefore, like the Texas Court of Appeals, this Court need not determine whether the relevant pleading is the petition on file when the notice of lis pendens is filed or the petition on file when the relevant transaction occurs because both the State Court Petition and First

---

[100] *Id.*
[101] *See* ECF No. 114.
[102] ECF No. 38.

Amended Complaint sufficiently plead a real property claim.[103] Accordingly, BDFI's motion to cancel the notices of lis pendens should be denied because Lee sufficiently pleaded a real property interest in accordance with § 12.0071(c)(1).

### IV. CONCLUSION

Pending before this Court is BDFI's Motion. In consideration of the arguments presented in the hearing on this matter, all evidence in the record, and relevant case law, this Court finds that BDFI's Motion should be denied.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 11/14/2019.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

---

[103] *In re Cohen*, 340 S.W.3d at 894 ("Thus, we need not decide here whether the relevant pleading is the petition on file when the notice of lis pendens is filed or the petition on file when the relevant transaction occurs.").