IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRIAR BUILDING HOUSTON LLC, | § | CASE NO. 18-32218 |
| | § | |
| Debtor | § | CHAPTER 11 |
| | § | |
| GEORGE M LEE | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 18-3281 |
| | § | |
| BFDI, LLC, *et al.*, | § | |
| Defendants. | § | |
| | § | |

## MOTION FOR SANCTIONS

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, U.S. BANKRUPTCY JUDGE

George Lee ("Lee" and/or "Plaintiff") comes before this Court and hereby files this Motion For Sanctions (Plaintiff's "Motion for Sanctions"), asking this Court to assess sanctions pursuant to the Court's inherent power under find Ali Choudhri ("Choudhri" and/or "Defendant") for collaterally attacking this Court's orders by asserting in state court the affirmative defense that the May 11, 2018 forbearance agreement excludes Lee's claims over a property wholly unrelated to

1

the 50 Briar Hollow building made the basis of the above bankruptcy matter despite an express finding by this Court to the contrary, and in support thereof would show unto the Court as follows:

## I. SUMMARY OF MOTION

1. This Court has unambiguously held that the Forbearance Agreement's release applies only to the 50 Briar Hollow Property. Yet in spite of this prior ruling, Defendant has filed pleadings in the state court action following remand claiming that the Forbearance Agreement's release applies not only to 50 Briar Hollow, but to the unrelated 1001 West Loop Property as well, making the very same arguments previously rejected by this Court. These new pleadings constitute a blatant collateral attack on the Court's prior orders by attempting to relitigate the same issues already conclusively disposed of by this Court and show flagrant disregard for this Court's authority. Plaintiff therefore requests that this Court exercise its inherent authority under 11 U.S.C. § 105(a) to assess attorneys' fees against Defendant because this attempt to challenge this Court's prior rulings conclusively demonstrates he has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *In re Zale Corp*, 62 F.3d 746, 760 (5th Cir. 1995).

**A. The Core Bankruptcy Matter surrounding the Briar Hollow Property.**

2. On April 30, 2018, Briar Building Houston LLC initiated the Chapter 11 Bankruptcy Case identified as Cause No. 18-32218 in the United States District Court for the Southern District of Texas (the "Bankruptcy Matter").[1] Briar Building Houston, LLC's only asset was 50 Briar Hollow Lane, Houston, Texas 77027 (the "Briar Hollow Property"). The Briar Hollow Property was subject to a certain December 30, 2013 loan agreement, deed of trust, and

---

[1] ECF No. 1, Case No. 18-32218 in the United States Bankruptcy Court for the Southern District of Texas.

2

promissory note collectively referred to by the parties as the "Loan Documents."[2] When the Bankruptcy Matter was filed, BDFI LLC was the lender and holder of the Loan Documents.[3]

3.  The Bankruptcy Matter was resolved when Plaintiff Briar Building Houston, LLC and BDFI LLC entered the Forbearance Agreement purporting to settle all claims between the parties as related to both the Briar Hollow Property and the Loan Documents.[4] The applicable language of the Forbearance Agreement reads as follows:

> 27. **Ratification: Release of Lender**. [Plaintiff] hereby ratifies, reaffirms, acknowledges, and agrees that the Loan Documents represent valid, enforceable and collective obligations of Barrower and Guarantor and that [Plaintiff] ha[s] no knowledge of any offsets, defenses or claims against Lender, or any of its subsidiaries, affiliates, officers, directors, employees, agents, attorneys, predecessors, successors or assigns whether asserted or unasserted, and neither of the [Plaintiff parties] will assert *claims for offset or otherwise assert any claims or defenses to the payment of the obligations under the Loan Documents. To the extent that such offsets, defenses or claims may exist,* the [Plaintiff parties] and each of its or his respective successors, assigns, parents, subsidiaries, affiliates, predecessors, employees, agents, heirs and executors, as applicable (collectively the "Releasers") jointly and severally, release and forever discharge and release Lender, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, predecessors, successors and assigns, both present and former, including Jetall Companies, Inc. and Ali Choudhri (collectively the "Lender Affiliates") of and from any and all manner of actions, causes of action, suits, debts, controversies, damages, judgments, executions, claims and demands whatsoever, asserted or unasserted, in law or in equity, which Releasors ever had or now have against Lender and/or Lender Affiliates, including, without limitation, any previously exist claim or defense whether or not properly suspected, contemplated or anticipated. The term "Lender" as used herein shall include, but shall not be limited to, its present and former officers, directors, employees, agents and attorneys.[5]

---

[2] *See* ECF No. 157-4, May 11, 2018 Forbearance Agreement, ¶ 2. A copy of the Forbearance Agreement is attached hereto as Exhibit A.
[3] Exhibit A, ¶ 2.
[4] Exhibit A, ¶ 27.
[5] Exhibit A, ¶ 27, emphasis added.

4. This Court granted Briar Building Houston LLC's Motion to Dismiss the Bankruptcy Matter on May 22, 2018 (the "Bankruptcy Order" hereafter).[6] The Bankruptcy Order indicated that the Court, "having considered the [Motion to Dismiss] and the agreements (including the Forbearance Agreement) referenced in the [Motion to Dismiss]," found that the Bankruptcy Matter should be dismissed "for cause" and "based upon the terms of the Forbearance Agreement."[7] The Court retained jurisdiction to "adjudicate all matters arising from, or relating to, the interpretation, implementation, and/or enforcement of this Order."[8]

5. That same day, the Court signed an Order Granting Debtor's Motion to Approve Compromise with BDFI, LLC, an order which "approved" the terms of the Forbearance Agreement.[9]

**B. The Adversary Matter and Adversary Order.**

6. After the Bankruptcy Matter concluded, a subsequent dispute arose between Plaintiff and Defendant Ali Choudhri ("Defendant"), along with Jetall Companies, Inc. ("Jetall"), Brad Parker and BDFI, LLC related to, among other things, a foreclosure by BDFI LLC on the Briar Hollow Property and a breach by Jetall of a management and leasing agreement for the Briar Hollow Property. This dispute became the subject of a lawsuit filed on August 3, 2018 and removed to this Court as Adversary No. 18-03281 (the "Adversary Matter") in the Bankruptcy Matter filed by Plaintiff against BDFI, LLC, Brad Parker, Defendant, and Jetall. Though the

---

[6] ECF No. 157-7, Order Granting Motion to Dismiss Case under 11 U.S.C. 1112(b), signed May 22, 2018, p. 1. A copy of this document is attached hereto as Exhibit B.
[7] Exhibit B, ¶ B.
[8] *Id.*, ¶ 2.
[9] ECF No. 157-6, Order Granting Debtor's Expedited Motion to Approve Compromise with BDFI, LLC, entered May 22, 2018, p. 1. A copy of this order is attached hereto as Exhibit C.

4

Adversary Matter defendants filed counterclaims against Plaintiff, all of these counterclaims were dismissed with prejudice by summary judgment.[10]

7. Plaintiff, after several months of litigation, subsequently moved to dismiss the Adversary Matter. The Court then entered a final judgment on January 27, 2020 (the "Adversary Order") dismissing the Adversary Matter with prejudice. The Adversary Order confirmed both the Bankruptcy Order and the Order Granting Debtor's Motion to Approve Compromise with BDFI, LLC signed May 22, 2018. This Adversary Order also affirmed that the Forbearance Agreement was "valid, enforceable, and in full force and effect and the Court retains jurisdiction to enforce such order."[11]

### C. Plaintiff files the West Loop Petition over an unrelated July 1, 2017 default on the 1001 West Loop South Property.

8. On July 1, 2014, prior to the events of the Bankruptcy Matter and in a completely unrelated transaction, Defendant personally guaranteed a loan made by Plaintiff to 1001 West Loop, LP for the commercial real property located at 1001 West Loop South, Houston, Texas 77027 (the "West Loop Property"). 1001 West Loop, LP serviced the loan until on or about January 2017 when the loan went into default.[12]

9. On March 10, 2020, Plaintiff, in his individual capacity, filed an Original Petition, Request for Disclosure and Jury Demand (the "West Loop Petition") identified as Cause No. 2020-16175 in the 152nd Judicial District Court of Harris County, Texas, alleging Defendant breached a personal guarantee on a defaulted loan made by Plaintiff for the West Loop Property (this action

---

[10] ECF No. 102, Order Granting Plaintiff George M. Lee's Traditional Motion for Summary Judgment, entered June 26, 2019.
[11] ECF No. 149, Final Judgment in Adversary No. 18-03281, p. 2. A copy of this document is attached hereto as Exhibit D.
[12] Exhibit C, ¶ 5.

5

is generally referred to herein as the "West Loop Lawsuit").[13] The West Loop Petition raised allegations for unpaid debt, interest, and other penalties in a total amount of $4,219,951.30.

10. The West Loop Lawsuit does not involve the Loan Documents and is completely unrelated to the Briar Hollow Property and the claims made the subject matter of the Adversary Matter, Bankruptcy Matter, and Forbearance Agreement.[14]

**D. Defendant removes the West Loop Lawsuit to bankruptcy court on the basis that resolution of the case involves interpretation and implementation of the Forbearance Agreement, and files a motion for contempt alleging that the West Loop Lawsuit violates that Forbearance Agreement.**

11. On August 19, 2020, Choudhri filed a Notice of Removal, indicating the case was being removed to this Court pursuant to 28 U.S.C. § 1452 on the basis that the Forbearance Agreement's release provisions precluded Plaintiff's ability to bring the West Loop Lawsuit.[15]

12. Defendant also filed a Motion for Contempt[16] (the "Motion for Contempt") against Plaintiff for filing the 1001 West Loop lawsuit on the basis that it allegedly violated the Forbearance Agreement incorporated into the Court's final orders in the Bankruptcy Matter.[17]

**E. At the hearing on the Motion for Contempt, the Court holds that the Forbearance Agreement only applies to 50 Briar Hollow.**

13. On October 20, 2021, the Court held a hearing on Defendant's Motion for Contempt and denied the relief requested therein. At that hearing, the Court found that, with regards to the Forbearance Agreement:

> "[b]ut as far as this forbearance agreement, the Court does not read this as a general release. This forbearance agreement specifically references the loan documents [related to 50 Briar Hollow] and the parties' release therein, and any claims or offsets as stated in this

---

[13] ECF No. 157-10, Plaintiff George M. Lee's Original Petition, Request for Disclosure and Jury Demand filed March 10, 2020, p. 1.
[14] *Id.*
[15] ECF No. 55 in Bankruptcy Case No. 18-32218, Notice of Removal filed August 19, 2020, ¶ 1.
[16] ECF No. 157 in Adversary Case No. 18-03281.
[17] ECF No. 1 in Case No. 18-32218, the Chapter 11 Proceedings identified as In re: Briar Building Houston LLC, Debtor, in the United States Bankruptcy Court for the Southern District of Texas.

6

forbearance agreement relate solely to the loan documents for the 50 Briar Hollow building and nothing else."[18]

14. The Court entered an order denying Defendant's Motion for Contempt that same day.[19] In a later order, the Bankruptcy Court confirmed that the prior ruling that the Forbearance Agreement only applies to the 50 Briar Hollow Property remains in full force and effect.[20]

**F. Choudhri seeks remand of the West Loop Lawsuit on the basis that no bankruptcy issues were apparent on the face of the live pleadings at time of removal.**

15. On November 28, 2022, the day before trial was scheduled in this matter, Choudhri filed his Defendant's Motion for Remand for Lack of Subject Matter Jurisdiction (the "Motion for Remand"). In the Motion for Remand, Choudhri, despite the fact that he was the party who originally removed the case to bankruptcy court, claimed for the first time that his prior removal was invalid because "no bankruptcy issues appears on the face of Plaintiff's state court pleading." In his subsequent Reply in Support of Motion to Remand, Defendant goes further, stating that the "need for remand is obvious" because the live pleadings at the time of removal "[do] not mention the Forbearance Agreement or any other bankruptcy issue."[21]

16. On February 17, 2023, after two years of litigation and substantial legal costs and fees incurred by the parties, the Court signed an order granting Defendant's Motion to Remand for Lack of Subject Matter Jurisdiction, remanding the West Loop Lawsuit back to state court.[22]

---

[18] *See* Exhibit E, a copy of the October 20, 2021 transcript for the hearing on Defendant's Motion for Contempt, at 40:17-25.
[19] ECF. No. 191, November 18, 2022 Order on Motion for Contempt. A copy of this order is attached hereto as Exhibit F.
[20] ECF No. 119 in Adversary No. 20-03395 in the United States Bankruptcy Court for the Southern District of Texas. A copy of this Order is attached hereto as Exhibit L.
[21] ECF No. 130 in Adversary No. 20-03395 in the United States Bankruptcy Court for the Southern District of Texas.
[22] ECF No. 137 in Adversary No. 20-03395 in the United States Bankruptcy Court for the Southern District of Texas.

**G. After the case is remanded to state court, Defendant files a summary judgment response and petition for declaratory judgment asking the state court to hold that the Forbearance Agreement's release applies to the 1001 West Loop property.**

17. Upon remand, Plaintiff moved for an expedited trial setting based on the two years of litigation and substantial discovery previously conducted by the parties. Choudhri opposed the request for an expedited trial setting, arguing that the "discovery period… has barely been open."[23]

18. On December 11, 2023, in response to a summary judgment motion filed by Plaintiff, Defendant argued that **"[t]he plain and clear language of the [Forbearance Agreement], proved up and entered into a bankruptcy proceeding, releases Defendant's contended guaranty of the subject contended note."**[24] In this summary judgment response, Defendant raised arguments identical to those contained in the Motion for Contempt. By way of example, Defendant argued that the release contained in the Forbearance Agreement covered all claims existing between Plaintiff and Defendant, not simply those related to the 50 Briar Hollow property.[25]

19. At the same time, Defendant filed his First Amended Answer and Counterclaims asserting a claim under the Texas Uniform Declaratory Judgment Act that the claims made the subject of the West Loop Lawsuit "is barred or released under the [Forbearance Agreement].[26]

## II.   JURISDICTION AND VENUE

20. A bankruptcy court retains jurisdiction to interpret and enforce its own prior orders pursuant to *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 129 (2009). The case in which the present motion is filed is also a core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a). Thus, this

---

[23] Exhibit G, June 1, 2023 Response to Motion for Expedited Trial Setting, ¶ 4; Exhibit M, Declaration of Thane Tyler Sponsel, III in Support of Motion for Sanctions.
[24] Exhibit H, December 11, 2023, Response to Motion for Summary Judgment, ¶ 3; Exhibit M.
[25] *Id.* at ¶ 20.
[26] Exhibit I, December 11, 2023 First Amended Answer. ¶ 10; Exhibit M.

8

Court has jurisdiction over the present motion for sanctions, as it had with the prior contempt proceedings.

### III.     LEGAL STANDARD

21.     It is widely recognized that bankruptcy courts possess authority under 11 U.S.C. § 105(a) to assess sanctions against parties and/or attorneys for bad faith filings challenging a court's order and the "inherent power to sanction abusive litigation practices." *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 124 S.Ct. 1105, 1112, 166 L.Ed.2d 956 (2007); *Law v.* Siegel, 571 U.S. 415, 421 (2014). This authority is "broad and pragmatic… to prevent insults, oppression, **and experimentation with disobedience of the law**." *In re Bradley*, 588 F.3d 254, 265-66 (5th Cir. 2009) (emphasis added). To prevent this abuse of the judicial process, § 105(a) provides the bankruptcy court with broad authority to "take any action that is necessary or appropriate to prevent an abuse of process." *Marrama,* 24 S.Ct. at 1112.

22.     In the Fifth Circuit, this power has been interpreted liberally. *Feld v. Zale Corp,* 62 F.3d 746, 760 (5th Cir. 1995). It empowers the bankruptcy Court to assess attorneys' fees against a party who has "acted in bad faith, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). In *Chambers*, the Supreme Court elaborated this discretionary authority to sanction to assess attorneys' fees is appropriate when a party "shows bad faith by delaying or disrupting the litigation **or by hampering enforcement of a court order**." *Id.* (emphasis added). The sanctions that a court may issue for bad faith actions include penalizing counsel and assessing costs and fees. *Chambers,* 111 S.Ct. at 2136).

23.     The Supreme Court has cautioned that this inherent power to sanction must be based upon a "specific finding that the [sanctioned party] acted in 'bad faith,'" *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998), *cert. denied*, 526 U.S. 1158, 119 S.Ct. 2047, 144 L.Ed.2d 214

9

(1999). This determination of bad faith action is a finding of fact that lies within the sole discretion of the court, and can be reversed "only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *In re Dennis,* 330 F.3d 696, 701 (5th Cir. 2003).

## IV.   ARGUMENT AND AUTHORITIES

24.    The case of *In re SkyPort Global Communications, Inc.* holds that 11 U.S.C. § 105(a) empowers the bankruptcy court to sanction a party who in bad faith engages in willful abuse of the litigation process by attempting to collaterally attack a duly-issued order of the bankruptcy court.

25.    Here, Defendant's summary judgment responses, as well as the amended answer and counterclaims containing a declaratory judgment action, attempts to collaterally attack this Court's ruling on the Motion for Contempt by asking the state court to hold that the Forbearance Agreement's release applies to the 1001 West Loop Property, making the same arguments raised and discarded in the Motion for Contempt.

26.    This latest attempt at judicial gamesmanship is yet another in a long line of actions showing flagrant disregard for this Court's authority that has continued unabated over the course of three years.

27.    Plaintiff therefore requests that this Court impose sanctions against Defendant under 11 U.S.C. § 105(a) in the form of attorneys' fees incurred in responding to the summary judgment response and bringing the present motion for sanctions.

- **A. *In re SkyPort Global Communications, Inc.* holds that a bankruptcy court possesses inherent authority under 11 U.S.C. § 105(a) to impose sanctions for collaterally attacking a bankruptcy court's order in state court upon a finding of bad faith.**

28. As explained above, bankruptcy courts possess the inherent power to sanction parties to prevent sanction abusive litigation practices and experimentation with and disobedience of the law upon a showing that a given filing was made in bad faith. *Siegel*, 571 U.S. at 421; *Bradley*, 588 F.3d at 265-66.

29. The case *In re SkyPort Global Communications, Inc.* illustrates the kind of behavior necessary in order to justify such sanctions. 528 B.R. 291 (S.D. Tex. 2015). In the *SkyPort* case, Judge Bohm awarded contempt sanctions after the former shareholders in a Chapter 11 action filed a state court action which, among other things, attempted to collaterally attack a confirmation order and plan by filing pleadings in state court that directly contradicted the bankruptcy court's orders. *Id.* at 325-26.

30. Judge Sim Lake, writing for the District Court, upheld the sanctions findings. *Id.* at 301. In affirming the sanctions, Judge Sim Lake wrote that the bankruptcy court's finding that the state court action was filed in bad faith was justified because "the State Court Petition was not only a … collateral attack on – the Confirmation Order and Plan entered in the [Chapter 11 case], but also an end-run around § 1144 of the Bankruptcy Code." *Id.* at 325.

- **B. Like in *SkyPort*, Defendant's summary judgment responses and amended answer and counterclaims collaterally attacks the Court's ruling on the Motion for Contempt by asking the state court to find the Forbearance Agreement applies to the 1001 West Loop Property, making the same arguments previously raised and rejected by this Court in the Motion for Contempt.**

31. In the present case, the Court's October 20, 2021 ruling on the Motion for Contempt made it unambiguously clear that the release contained in the Forbearance Agreement only applied

11

to the 50 Briar Hollow Property, and nothing else.[27] Indeed, the Court's later November 18, 2022 order makes the validity and finality of the Contempt Order perfectly clear. The November 18, 2022 order was crystal-clear on this point: "**[t]he Court's prior ruling [as related to the scope of the Forbearance Agreement] is final and no timely appeal was ever filed with respect to this ruling**."[28]

32. Despite these prior orders, the summary judgment responses and amended answers and counterclaims directly contradicted the Court's holdings regarding the scope of the Forbearance Agreement's release. Like in the *SkyPort* case, Defendant's pleadings in the summary judgment response attempt to relitigate the same issues that were already conclusively decided against it in the contempt proceedings before this Court. Indeed, the facts and arguments raised in the summary judgment response are **identical to those contained in the Motion for Contempt.** It argues that the Forbearance Agreement "globally resolved all disputes between Plaintiff and Defendant."[29] This summary judgment response further states that Plaintiff "released his claim against Defendant, if any, to enforce [the 1001 West Loop's] note and guaranty" through the Forbearance Agreement.[30]

33. The subsequently filed supplemental response to summary judgment (the "Supplemental Response") makes this even more clear. By way of example, the Supplemental Response quotes the very same hearing transcript that is cited to in the Motion for Contempt as evidence of a "general release."[31] Both the Supplemental Response and Motion for Contempt disingenuously omit the "to the extent that such offsets defenses or claims [as related to the 50

---

[27] Exhibit E at 40:17-25.
[28] Exhibit F.
[29] *Id.* at ¶ 6.
[30] *Id.* at ¶ 21.
[31] A copy of the January 5, 2024 First Supplemental Response to Plaintiff's Motion for Summary Judgment is attached hereto as Exhibit J. *Compare* ECF No. 157 in Adversary Case No. 18-03281 at p.4 *with* Exhibit J at fn. 13. **Note that both of these documents reference the very same hearing testimony at 27:12-28:13**; Exhibit M.

12

Briar Hollow Property] exist" language that was key to the bankruptcy court's ruling on the Motion for Contempt.[32] And both make the very same argument – namely, that the Forbearance Agreement's release applies to the claims surrounding the unrelated West Loop Property because these claims existed at the time the Forbearance Agreement was executed.[33]

34. Indeed, Defendant even selectively quotes the release language of the Forbearance Agreement, l**eaving out the very same language that was misleadingly excluded from the Motion for Contempt**.[34] In this selective quotation, Defendant specifically left out the "neither of the [Plaintiff parties] will assert *claims for offset or otherwise assert any claims or defenses to the payment of the obligations under the Loan Documents. To the extent that such offsets, defenses or claims may exist,*" cited to by the Court in the order on Motion for Contempt as the basis behind its holding that the Forbearance Agreement's release applies only to 50 Briar Hollow.

35. Defendant's summary judgment response thus calls on the state court to relitigate the same issue already decided by this Court, constituting a blatant collateral attack on this Court's ruling in the Motion for Contempt, making the same arguments previously heard and overruled by this Court. *See In re Prostock*, 165 S.W.3d 336, 346 (Tex. 2005) ("A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment but in order to obtain some specific relief which the judgment currently stands as a bar against.").

---

[32] *Compare* ECF No. 157 in Adversary Case No. 18-03281 at p. 3 *with* Exhibit J at ¶ 7.
[33] *Compare* ECF No. 157 in Adversary Case No. 18-03281 p. 12 ("[Plaintiff] is attempting to collect debts that were due and owing long before the entry of the [Forbearance Agreement and related order]") at *with* Exhibit J at ¶ 7 ("It is undisputed that the claims being asserted in the instant matter existed at the time the [Forbearance Agreement] was executed.").
[34] Exhibit J at ¶ 19; *compare* ECF No. 157 in Adversary Case No. 18-03281 at p. 3.

**C. Defendant's pleadings and prior judicial gamesmanship show the summary judgment response was filed in bad faith and in flagrant disregard of this Court's rulings and authority which Defendant claims are "void."**

36. As previously stated, 11 U.S.C. § 105(a) empowers the bankruptcy court to "call upon its inherent powers to assess attorneys' fees against a party who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *SkyPort*, 528 B.R. at 322 (*quoting In re Zale*, 111 S.Ct. at 2133).

37. Defendant's pleadings are misleading at best and outright intentionally duplicitous at worst. Not only does the Defendant attempt to relitigate those very same issues that were previously resolved by this Court, the Defendant goes further to state that the rulings by the bankruptcy court are invalid. In a flagrant disregard for this Court's authority to rule on the very Motion for Contempt he filed, Defendant states that "the bankruptcy court rulings and determinations must be ignored **as void**."[35] This is in spite of the fact that this Court has clearly stated on multiple occasions that the ruling on the Motion for Contempt is final and no appeal was ever filed.[36] Also of important note is that the order on the Motion for Contempt and ruling by the Court were entered in the Briar Hollow bankruptcy matter and related adversarial proceedings, and **not** the subsequently remanded lawsuit involving the West Loop Property.[37]

38. This is much more than an end-around of § 1144, as was the case in *SkyPort* – it constitutes an intentional bad-faith misrepresentation with the goal of misleading the state court judge as to the validity of this Court's prior orders.

39. Were this an isolated incident, Defendant could perhaps claim ignorance or mistake as to the effect of the Court's ruling on the Motion for Contempt. However, this is yet another in

---

[35] Exhibit H at ¶ 25.
[36] Exhibit F.
[37] *See* Exhibit D, identifying the hearing as taking place in Adversary Case No. 17-03281.

a long string of flagrant attempts to abuse the judicial process, including disregarding prior orders for contempt and remanding the present case back to state court on the very eve of trial, only to attempt to re-litigate the very issue that was the subject of the original removal. This continuous string of bad-faith conduct defiles the temple of justice and shows flagrant disregard for the rule of law and authority of this Court. As was the case in *SkyPort*, which contained nearly identical collateral attacks and attempts to circumvent § 1144, this kind of bad faith conduct is more than sufficient to justify the imposition of sanctions against the Defendant.

### D. Plaintiff requests the imposition of sanctions in the form of attorneys' fees incurred in replying to the summary judgment responses and bringing the present motion for contempt

40. The bankruptcy court possesses statutory and equitable authority to craft remedies for bad faith conduct, including assessing court costs and fees. *Marrama*, 127 S.Ct. at 1116-1117.

41. To date, Plaintiff has incurred a total of $9,750.00 in attorneys' fees in responding to the new pleadings, including the summary judgment response, filed by Defendant challenging this Court's prior ruling on the scope of the forbearance agreement, as well as in bringing the present motion for contempt.[38]

42. In addition, Plaintiff anticipates that there will be additional costs and attorneys' fees incurred for subsequent replies to any response received as well as appearances before this Court to make argument on the present motion. Plaintiff further anticipates other costs and attorneys' fees should Defendant attempt to appeal any ruling issued by this Court.

43. Therefore, Plaintiff requests that this Court exercise its inherent authority under § 105(a) to assess sanctions against Defendant in the amount of $9,750.00, as well as the award of $15,000.00 in additional attorneys' fees and costs anticipated to be incurred in motions practice,

---

[38] *See* Exhibit K, Affidavit of Thane Tyler Sponsel III.

court appearances, and argument. In the event that Defendant appeals a ruling by this Court, Plaintiff further requests the award of $10,000.00, reflecting the estimated costs to litigate such an appeal.[39]

44.     The award of these fees is appropriate and necessary to show the Defendant and others like him that this Court's authority cannot be disregarded with impunity, and that the willful and wanton abuse of the judicial process that Defendant has engaged in for years does not go unpunished.

*Prayer*

Therefore, for the forgoing reasons, Plaintiff, George Lee, respectfully prays that this Court enter an Order: (i) assessing sanctions against Defendant Ali Choudhri in the amount of $9,750.00, representing attorneys' fees incurred in bringing the present motion and responding to Defendant's pleadings that contradict this Court's prior orders in state court; (ii) assess additional sanctions against Defendant in the amount of $15,000.00, representing attorneys' fees and costs anticipated to be incurred in motions practice, court appearances, and argument; (iii) in the event that Defendant appeals a ruling by this Court, Plaintiff further requests the award of $10,000.00, reflecting the estimated costs to litigate such an appeal; and (iv) awarding Plaintiff any other relief to which he may be entitled to at law or in equity.

Dated: January 19, 2024                **SPONSEL MILLER GREENBERG PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Attorney-In-Charge
Federal Bar No. 690068/Texas State Bar No. 24056361
Roger B. Greenberg
Federal Bar No. 3932/Texas State Bar No. 08390000
Zachary A. Clark
Federal Bar No. 3087665/Texas State Bar No. 24097502

---

[39] Exhibit H.

Allen Landon
Federal Bar No. 3028753/ Texas State Bar No. 24091870
50 Briar Hollow Ln., Suite 370 West
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile (713) 892-5401
Email: sponsel@smglawgroup.com
Email: roger@smglawgroup.com
Email: zachary.clark@smglawgroup.com
Email: allen.landon@smglawgroup.com
**Counsel for George M. Lee**

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2024 I caused the foregoing *Motion for Sanctions* to be electronically field with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List as listed below:

GOLD, WEEMS, BRUSER, SUES & RUNDELL
Evelyn I. Breithaupt
2001 MacArthur Drive
P.O. Box 6118
Alexandria, Louisiana 71307
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
Email: ebreithaupt@goldweems.com

GUBERNICK LAW P.L.L.C.
Benjamin Gubernick
10720 West Indian School Rd. Ste. 19
PMB 12
Phoenix, AZ 85037
Telephone: (734) 678-5169
Email: ben@gubernicklaw.com

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
Branch M. Sheppard
Annarose M. Harding
1301 McKinney, Suite 1400
Houston, Texas 77010
Email: bsheppard@gallowaylawfirm.com
Email: aharding@gallowaylawfirm.com

*Via Email*
NICHAMOFF LAW , P.C.
Seth A. Nichamoff
2444 Times Boulevard, Suite 270
Houston, Texas 77005
Telephone: (713) 503-6706
Facsimile: (866) 712-1079
Email: seth@nichamofflaw.com

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III